

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,427

### EX PARTE MARVIN WADDLETON, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 241-0085-06 IN THE 114TH DISTRICT COURT FROM SMITH COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault of a public servant and sentenced to life imprisonment. His direct appeal was dismissed by the Twelfth Court for want of jurisdiction. *Waddleton v. State*, No. 12-06-00121-CR (Tex. App.–Tyler, Jun. 7, 2006, no pet.) (unpublished).

Applicant contends, *inter alia*, that his counsel rendered ineffective assistance because the notice of appeal did not include the certification of applicant's right of appeal, which resulted in the

appeal being dismissed for want of jurisdiction.

The trial court has determined that applicant was denied his right to appeal due to no fault of his own and he should be granted an out-of-time appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 241-0085-06 from the 114ᵗʰ Judicial District Court of Smith County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: September 29, 2010
Do Not Publish